UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO:

ROCCO BENEDETTO,

    Plaintiff,

v.

ACTION RENTALS OF FLL, LLC,
a Florida Limited Liability Company,
ACTION RENTALS TRENCH, SHORING
& SUPPLY, LLC, a Florida Limited Liability
Company, ACTION RENTALS WPB, LLC,
a Florida Limited Liability Company, and
ROBERT ACKMAN, individually

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROCCO BENEDETTO ("Plaintiff"), pursuant to the Family and Medical Leave Act, *29 U.S.C. § 2601, et. seq.* ("the FMLA"), files his Complaint against Defendants, ACTION RENTALS OF FLL, LLC, (hereafter "ARF"), ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC, (hereafter "ARTS"), ACTION RENTALS WPB, LLC, (hereafter "ARW") and ROBERT ACKMAN (hereafter "ACKMAN") (collectively "Defendants") and alleges as follows:

### PARTIES

1. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

2. Defendant, ACTION RENTALS OF FLL, LLC ("ARF"), is a Florida limited liability company with its registered principal business address at 3075 NW South River Drive, Miami, FL, 33142.

3. Defendant, ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC ("ARTS"), is also a Florida limited liability company with its registered principal business address at 3075 NW South River Drive, Miami, FL, 33142.

4. Defendant, ACTION RENTALS WPB, LLC ("ARW"), is also a Florida limited liability company with its registered principal business address at 3075 NW South River Drive, Miami, FL, 33142.

5. Upon information and belief, at all material times hereto, Defendant, ROBERT ACKMAN, was a resident of the Southern District of Florida, within the jurisdiction of this Honorable Court.

6. At all times material hereto, Defendant, ROBERT ACKMAN was Plaintiff's manager, supervisor, a partial owner of ARTS, and Plaintiff's Joint Employer as that term is defined under the FMLA.

7. At all times material hereto, Defendant, ACTION RENTALS OF FLL, LLC was Plaintiff's joint employer as that term is defined under the FMLA.

8. At all times material hereto, Defendant, ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC was Plaintiff's joint employer as that term is defined under the FMLA.

9. At all times material hereto, Defendant, ACTION RENTALS WPB, LLC was Plaintiff's joint employer as that term is defined under the FMLA.

10. At all times pertinent hereto, Defendants, ACTION RENTALS OF FLL, LLC, ACTION RENTALS WPB, LLC and ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC were Plaintiff's joint employer covered by the FMLA, because they were engaged in commerce or in an industry affecting commerce who jointly employed 50 or more employees

within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to the time period in which Plaintiff sought leave under the FMLA.

11. At all times material hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) attempted to take leave for a serious health condition as that term is defined under the FMLA; and (b) was employed by Defendants for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to seeking to exercise his right to FMLA leave.

**JURISDICTION AND VENUE**

12. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

13. Jurisdiction is proper within the Southern District of Florida pursuant to *28 U.S.C. §§ 1331* and *1337*.

14. Venue is proper within the Southern District of Florida pursuant to *28 U.S.C. § 1391(b)(2)*.

**FACTUAL ALLEGATIONS**

15. Plaintiff worked for Defendants from approximately February 23, 2019 through approximately March 26, 2020.

16. During his tenure, Plaintiff was considered an exceptional employee and had no significant history of performance, attendance, or disciplinary issues.

17. Plaintiff suffers from anatomic asplenia and functioning immunosuppression, which constitutes a serious health condition under the FMLA.

18. As a result of Plaintiff's medical condition, his immune system is extremely compromised. Plaintiff's body cannot kill encapsulated bacteria, nor can it properly fight most infections.

19. On March 24, 2020, during a severe outbreak of the global Covid-19 pandemic, Plaintiff contacted his supervisor to advise him that Plaintiff suffered from functioning immunosuppression, making him at least ten (10) times more vulnerable than the average individual to contract Covid-19.

20. On March 24, 2020, Plaintiff also advised his supervisor that he had a 103.4 fever and that he needed to go to the hospital.

21. On March 24, 2020, Plaintiff provided the company with documentation from his medical providers advising that he must quarantine for three (3) to fourteen (14) days.

22. On March 25, 2020, Defendant, ACKMAN, asked Plaintiff if he had "corona." Plaintiff responded that he was taking a test, but that he would not receive the results for at least 3-4 days. On March 25, 2020, Plaintiff also advised ACKMAN that he suffered from immunosuppression and that he did not have a spleen, and that he needed to quarantine for at least fourteen (14) days because of his vulnerability to illness. Plaintiff also recommended that the company test anyone who came into contact with Plaintiff in the preceding week.

23. After receiving express notice of Plaintiff's qualifying medical condition, Defendants were obligated under the FMLA to offer Plaintiff FMLA leave and to allow Plaintiff to quarantine.

24. Plaintiff sought to take time away from work to attend to his medical condition beginning on about March 24, 2020.

25. Defendants failed to properly notify Plaintiff of his FMLA rights and entitlements.

26. Plaintiff was entitled up to twelve (12) weeks of FMLA protected leave which, based on the circumstances herein, would have been through about June 16, 2020.

27. On March 26, 2020, Defendants terminated Plaintiff because of his request for leave under the FMLA. Any other reason for Plaintiff's termination is merely pretext for Defendants' unlawful termination of Plaintiff.

28. The temporal proximity of Plaintiff's request to quarantine and his termination creates the presumption that Defendants retaliated against Plaintiff for attempting to exercise his FMLA rights.

29. As a result of this illegal termination, Plaintiff suffered damages, including loss of his reputation, loss of his opportunity to earn employment wages, benefits, and other remuneration to which he was entitled.

30. As a result of the foregoing, Defendants interfered with Plaintiff's FMLA rights, and retaliated against him for seeking FMLA leave during the covid-19 global pandemic.

31. Defendants' FMLA interference and retaliation against Plaintiff was intentional and/or purposeful.

32. Defendants did not have a subjective or objective good faith basis for their actions, and Plaintiff is therefore entitled to liquidated damages.

## JOINT EMPLOYER LIABILITY

33. During all times material hereto, Defendants, ACTION RENTALS OF FLL, LLC, ACTION RENTALS WPB, LLC and ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC, shared the same principal location at 3075 NW South River Drive, Miami, FL, 33142.

34. In addition, Bruno Ramos is the same managing member, owner and operator of Defendants, ACTION RENTALS OF FLL, LLC, ACTION RENTALS WPB, LLC and ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC.

35. Defendants, ACTION RENTALS OF FLL, LLC, ACTION RENTALS WPB, LLC and ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC all have the same parent company, Action Rentals Holding, LLC.  Bruno Ramos is also a managing member of Action Rentals Holding, LLC.

36. Defendants, ACTION RENTALS OF FLL, LLC, ACTION RENTALS WPB, LLC and ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC share employee personnel, equipment, resources, and a human resources department.

37. Plaintiff was originally hired by Defendant, ACTION RENTALS OF FLL, LLC, but was also paid by ACTION RENTALS WPB, LLC and ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC during his employment period.

38. Further, ROBERT ACKMAN is a member of ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC, and has duties and responsibilities for both ACTION RENTALS OF FLL, LLC and ACTION RENTALS WPB, LLC.

39. Defendant, ROBERT ACKMAN, regularly supervised Plaintiff and oversaw his work on behalf of ACTION RENTALS OF FLL, LLC, ACTION RENTALS WPB, LLC and ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC.

40. Defendant, ROBERT ACKMAN, was also one of the decision-makers who chose to terminate Plaintiff on behalf of Defendants, ACTION RENTALS OF FLL, LLC, ACTION RENTALS WPB, LLC and ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC.

41. The services for ACTION RENTALS OF FLL, LLC, ACTION RENTALS WPB, LLC and ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC are all advertised on the same website, https://www.actrents.com/action-rental-equipment-home/ (last visited May 12, 2020).

42. Furthermore, Plaintiff regularly performed work for the benefit of each of the corporate defendants during his employment period.

## **COUNT I – UNLAWFUL INTERFERENCE UNDER THE FMLA**

43. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 42 above.

44. At all times relevant hereto, Plaintiff was protected by the FMLA.

45. At all times relevant hereto, Defendants interfered with Plaintiff's FMLA protected leave.

46. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

47. As a result of Defendants' intentional, willful and unlawful interference with Plaintiff's protected FMLA leave, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

48. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, ROCCO BENEDETTO, demands judgment against Defendants, ACTION RENTALS OF FLL, LLC, ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC, ACTION RENTALS WPB, LLC, and ROBERT ACKMAN, jointly and severally, and demands damages for back pay, front pay, and an equal amount of liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **COUNT II – UNLAWFUL RETALIATION UNDER THE FMLA**

49. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 42 above.

50. At all times relevant hereto, Plaintiff was protected by the FMLA.

51. Defendants retaliated against Plaintiff based upon Plaintiff's exercise of his FMLA rights by terminating him for attempting to use FMLA protected leave during the covid-19 global pandemic.

52. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

53. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendants acted with the intent to retaliate against Plaintiff because Plaintiff exercised his rights to take leave pursuant to the FMLA.

54. As a result of Defendants' intentional, willful and unlawful retaliation against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

55. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, ROCCO BENEDETTO, demands judgment against Defendants, ACTION RENTALS OF FLL, LLC, ACTION RENTALS TRENCH, SHORING & SUPPLY, LLC, ACTION RENTALS WPB, LLC, and ROBERT ACKMAN, jointly and severally, and demands damages for back pay, front pay, and an equal amount of liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, ROCCO BENEDETTO, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 14th day of May 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**
805 Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Rocco Benedetto*

By: /s/ Jordan Richards
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jake@jordanrichardspllc.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on May 14, 2020.

By: /s/ Jordan Richards
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**